## IN THE SUPERIOR COURT OF GUAM

GUAM GREYHOUND, INC., and JOHN ) Civil Case no. CV0960-06
BALDWIN, )
)
Plaintiffs, ) **AMENDED**
)
vs. ) **DECISION AND ORDER**
)
DOROTHY BRIZILL and DOES 1 )
THROUGH 20, )
)
Defendants. )
)

This matter came before the Honorable Judge Michael J. Bordallo on Defendant Dorothy Brizill's (hereafter Defendant) application for costs and attorney fees. Plaintiffs were represented by attorney Deborah Deitsch-Perez. Defendant was represented by attorney Jeffery A. Cook. Having received and reviewed the arguments, papers, and file herein the Court now issues the following motion GRANTING in part Defendant's request for an award of costs and attorney fees associated with this action.

## BACKGROUND

This case arises out of Plaintiffs' August 4, 2006, Complaint for: defamation, tortious interference with Guam Greyhound's prospective business advantage, and false light invasion of privacy. Through a September 4, 2007, Judgment, Plaintiffs' claims were dismissed having been found to be within the mandates of the Guam Citizen Participation in Government Act, found at 7 GCA §§ 17101 et. seq. On the same day the Court entered an order holding in abeyance all issues relating to an award of costs, fees and sanctions until further order of the Court. On September 11, 2008, the Guam Supreme Court affirmed the Court's decision to dismiss and remanded the matter for further proceedings.

On June 2012, Defendant filed a paper entitled, Defendant Dorothy Brizill's



Application for an Award of Attorneys' Fees and Costs. In it she requests that pursuant to 7 GCA § 17106(g) the Court enter an award of $186,565.50 in attorney fees for attorney Spitzer, $31,455.00 for attorney Cook and $3,886.88 in litigation expenses or costs. In support of this request Defendant argues and asserts that an hourly rate of $495 each hour is standard for an attorney of Mr. Spitzer's experience in the District of Columbia and that the 376.9 hours that he has detailed he spent working on this case were necessary and less than the actual amount of time he was required to dedicate to the matter. Defendant asserts that a billing rate of $300.00 should be reasonably applied to the 104.85 hours attorney Cook reasonably spent preparing for the matter.

In support of her attorneys' hourly rates Defendant submits several declarations: of local Guam and D.C. attorneys verifying the reasonableness of their rates in their respective legal markets; and of Defendant asserting the reasons that she did not retain a local attorney as lead counsel. Defendant also asserts the reasonableness of the expenses requested in economy class airfare and filing fees.

Plaintiffs filed their opposition on July 17, 2012. In it they argue that Defendant has failed to assert sufficient facts justifying the hiring of non-local counsel or applying hourly rates above the standard Guam attorney rates. In support of this argument Plaintiffs cite to a rule styled, 'the local forum rule.' This rule requires that outside attorney-fee-rates are only awarded after a specific showing of facts. The facts required are: that for reasons of lack of experience, expertise or specialization, local attorneys were unwilling or unable to assist the claimant. Plaintiffs argue Defendant has failed to allege these facts and request that the Court apply a local hourly rate of $250 to Attorney Spitzer.

Plaintiffs challenge attorney Cook's request to increase his rate in this case from his normal billing rate of $200 an hour to $300 an hour. They argue that applying a rate higher

than his normal rate is not fair or reasonable.

Plaintiffs argue that the total hours verified and outlined by each attorney are not reliable because: they are not specific enough in their itemized billing descriptions, they do not coincide with each other, they are excessive in relation to the tasks described, they are duplicative of one another, and that in regards to attorney Spitzer, that they are agenda driven as part of the ACLU mission to establish sensational first amendment precedent. Plaintiffs request that the fee hours of Defendant's attorneys be reduced from 376.9 to 138 for attorney Spitzer and from 104.85 to 58 for attorney Cook. Plaintiffs do not contest Defendant's request for expenses.

In the alternative Plaintiffs argue and assert that because Defendant failed to produce a written retainer agreement, that 7 GCA § 9A216 requires that Defendant's request be disregarded or denied.

Defendant filed her reply on August 2, 2012. In it she re-asserts that $495 per hour is a reasonable attorney rate in the District of Columbia and that it would be unreasonable to require that she find a lawyer 6,000 miles away. In support of her assertion she cites to a 2009 U.S. Federal Circuit Court case where the court held that it is improper to require that a party first attempt to find local counsel and that an attorney's actual billing rate is presumptively appropriate for use as a reasonable market rate when making an attorney fee calculation award. Defendant asserts in rebuttal that:

1) the inconsistencies in attorney Cook and attorney Spitzer's billings are minimal and do not make them unreliable but indicate an under billing;
2) the billings were not excessive, extraneous, or ACLU policy driven;
3) the billings were adequately supported;
4) the award should include actual time spent on this litigation; and
5) that she has complied with the provisions of 7 GCA § 9A216 but is not required to produce the agreement to Plaintiffs in discovery.

Ultimately Defendant requests that the Court enter an increased award for $194,238.00 for

attorney fees for attorney Spitzer, $33,405.00 for attorney Cook and $3,964.88 for costs and expenses.

## DISCUSSION

The Guam Supreme Court has consistently held and explained that, "attorney's fees are generally not recoverable unless authorized by statute, contract, or under equitable circumstances." *Duenas v. George and Matilda Kallingal, P.C.*, 2012 Guam 4 ¶ 48 (citations omitted). Subsections 17106(g)(h) of Title provides,

> [o]n the filing of any motion as described in § 17105:
> . . . .
> (g) the court shall award a moving party who is dismissed, without regards to any limit under Guam law:
> (1) costs of litigation, including reasonable attorney and expert witness fees, incurred in connection with the motion; and
> (2) such additional sanctions upon the responding party, its attorneys or law firms as it determines will be sufficient to deter repetition of such conduct and comparable conduct by others similarly situated; and
> (h) a person damaged or injured by reason of a claim filed in violation of their rights under § 17104 may seek relief in the form of a claim for actual or compensatory damages, as well as punitive damages, attorney's fees and costs, from the person or persons responsible.

7 GCA § 17106(g) and (h). In this case the Parties do not dispute that Plaintiffs' action falls with the scope of these subsections.

**Attorney Fees and Costs of Litigation**

In 1980 Appellate Division of the District Court of Guam, voiding an attorney fee award and remanding it for further consideration, reversed the Superior Court's award and cautioned and instructed it that, "if the question of attorney's fees is raised again at a later date we expect proper documentation as to the number of hours and exact legal duties performed." *Lee v. Citibank, N.A.*, No. 7800083A, 1980 WL 18538, at *5 (D. Guam App. Div. 1980). In 2009 the Guam Supreme Court, citing its 1980 decision, similarly cautioned the Guam Superior

Court and added, "[a]t the very least, counsel seeking attorney's fees should be required to produce his fee agreement as part of the "evidence" necessary to support his request." *Abalos v. Cyfred, Ltd.*, 2009 Guam 14 ¶ 18.

Earlier this year the Third U.S. Federal Circuit Court of Appeals explained the general standards that are applied to a court's determination of reasonableness of fees, "[c]ourts generally use one of two methods for assessing the reasonableness of attorneys' fees—a percentage-of-recovery method or a lodestar method." *In re Baby Products Antitrust Litigation*, 708 F.3d 163, 176 (3rd Cir 2013)(citations omitted). To apply the lodestar method, a court calculates the attorney fee award by multiplying the reasonable number of hours spent at a reasonable hourly rate. *Paul, Johson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir.1989). There is a strong presumption that a fee amount determined through the lodestar method is reasonable. *Fischer v. SJB–P.D., Inc.*, 214 F.3d 1115, 1119 n. 4 (9th Cir.2000).

In this case Defendant argues that there is no legal requirement that she produce her retainer fee agreement. Reply at 9. The Court is not persuaded by this argument. In 2009 the Guam Supreme Court cautioned and instructed that the production of the retainer agreement is one of the minimum evidentiary requirements necessary to an adequately supported attorney fee award. *Abalos*, 2009 Guam 14 ¶ 18.

Absent an initial showing of the actual fees that the attorneys and the client subjectively agreed were reasonable, the Court cannot begin its analysis or award the relief requested by Defendant. *Id.* As cited by the Defendant in her Reply, "[7th Circuit] cases have consistently recognized that an attorney's actual billing rate for comparable work is presumptively appropriate for use as a market rate when making a lodestar calculation." Reply at 2, citing *Jeffboat, LLC., v. Director, Office of Workers' Compensation Programs*, 553 F.3d 487, 490 (7th Cir. 2009).

In this case attorney Spitzer and attorney Cook's actual billing agreement with Defendant was filed on August 16, 2013. It does not specify a reasonable hourly rate but provides that the District of Columbia "*Laffey* Matrix" rates shall be used in calculating fees.

**Maximum Reasonable Rate**

In this case Plaintiffs filed their complaint on August 4, 2006. Defendant filed her motion to dismiss on September 15, 2006. The litigation and appeal of Defendant's motion is the primary bases for this award. An answer was not filed by the Defendant and litigation of the issues alleged in the complaint, were not developed below in preparation for a trial on the merits. Accordingly the Court finds that issues were fairly narrow and the obstruction and inconvenience to the Defendant relatively minimal.

It is not disputed that Mr. Cook's average attorney fee rate is $200 each hour. After reviewing the declarations herein the Court finds that for purposes of the application of 7 GCA §§ 17101 et. seq. to these facts, that Mr. Cook's attorney fee rate is a reasonable maximum rate within the jurisdiction of Guam. Moreover, not counting Mr. Spitzer's September 11, and 12, 2006, entries for a teleconference with Mr. Cook, totaling 0.2 of an hour, the Court does not find that the time amounts set forth in Defendant's attorney billings were outside the scope of the statue. 7 GCA § 17106.

Defendant is free to retain legal counsel from any jurisdiction she feels best suits her individual needs. However the Court is not persuaded that, absent further clarifying statutory language or binding precedent, she should by her selection, be allowed the discretion of so choosing the applicable fees mandated by Guam statutes and litigated in Guam courts. *Id.* This is especially true given the absence of any showing by the Defendant of the incapability or unavailability of the Guam local bar. *Prison Legal News v. Schwarzengegger*, 608 F.3d 446 (9th Cir. 2010);see, *Barjon v. Dalton*, 132 F.3d 496, 500(9th Cir. 1997)(a court determining the

reasonableness of an hourly rate can consider the ability and availability of the local bar); see, *Fleming v. Quigley*, 2003 Guam 4 ¶ 33 (courts have the inherent discretionary power to award attorney's fees in accordance with equitable principles).

**Additional Sanctions and Damages**

Subsections 17106(g)(2) and (h) also require that the Court consider,

> such additional sanctions upon the responding party, its attorneys or law firms as it determines will be sufficient to deter repetition of such conduct and comparable conduct by others similarly situated; and
> (h) a person damaged or injured by reason of a claim filed in violation of their rights under § 17104 may seek relief in the form of a claim for actual or compensatory damages, as well as punitive damages, attorney's fees and costs, from the person or persons responsible.

7 GCA § 17106(g)(2) and (h). Sanctions and Damages were not requested by the Defendant in this matter. Mot. at 1-20, Reply 1-10. On January 6, 2012 the Court entered an order directing that it would reserve the issue of sanctions and consider it after the issue of attorney fees had been resolved. *Guam Greyhound v. Brizill*, CV0960-06 at 4-6 (Super. Ct. Guam Jan. 6, 2012).

## CONCLUSION

For the above reasons Defendant's motion for an award of costs and attorney fees is GRANTED in part *nunc prop tunc* as of September 6, 2013. Defendant is entitled to an attorney fee award of 503.33 hours at the above maximum rate or $100,666.00 and a costs award of $3,996.88. These amounts shall be immediately due and owing to Defendant by the Plaintiffs.

SO ORDERED, this ___14___ day of ___February___, 2014.

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
CAMIITTE & COOK
J. VESOSKY J. BRIZILL
Date: 2/14/14 Time: 4:54pm

Deputy Clerk, Superior Court of Guam

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam